IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
UNITED STATES OF AMERICA,       )
                                )    2:06-cr-00403-GEB
          Plaintiff,            )
                                )
     v.                         )    ORDER
                                )
DAMIAN SUAREZ, et al.,          )
                                )
          Defendants.           )
_____)
```

On April 27, 2011, I stayed an order filed April 26, 2011, in which I approved eighty percent of the $52,743.79 attorney C. Emmett Mahle requested as attorney's fees under the Criminal Justice Act ("CJA"). I stayed the order because I decided to evaluate whether the time Mr. Mahle avers he spent on tasks is comparable to the time it took other CJA attorneys to do tasks in this multi-defendant drug conspiracy case. For the reasons stated below, the stay is lifted, but the April 26, 2011 Order is supplemented and amended as follows.

"[T]he purpose of the [CJA] is not to compensate counsel with fees rivaling those available to attorneys representing nonindigent clients." In re Smith, 586 F.3d 1169, 1175 (9th Cir. 2009)(citation omitted). "Instead, Congress enacted the CJA to both assure adequate representation in the Federal courts of accused persons with insufficient means, and afford reasonable compensation to counsel who are assigned. The question thus becomes not what hours were actually

1  expended, but what hours were reasonably expended completing work
2  necessary for adequate representation." Id. (interal quotation marks and
3  citations omitted).

> Courts cannot simply rubber-stamp every CJA voucher that crosses their paths. Every time an attorney submits such a voucher, that attorney is asking the U.S. Treasury to dole out a portion of its limited resources. It is the role of the Court to scrutinize these requests to properly safeguard precious taxpayer funds, or else there is little to prevent taxpayer money from being wasted on unreasonable or unnecessary activities by court appointed defense counsel.

U.S. v. Mosley, --- F. Supp. 2d ----, 2011 WL 1591491, at *1 (D.N.J. 2011)(citations omitted).

In a prior communication to Mr. Mahle about his CJA vouchers, I proposed a fifty percent reduction of the fee he requested and provided Mr. Mahle the opportunity to address the proposed reduction on-the-record, orally and/or in writing, no later than April 15, 2011. Mr. Mahle did not respond.

As explained in the prior communication, Mr. Mahle represented he completed numerous tasks in an amount of time that is at least twice as long as could arguably be considered reasonable for performing those tasks (it is unclear if some of the tasks should have been included in the fee request at all). Therefore, it can be reasonably inferred that Mr. Mahle has inflated all of his billings. See In re Smith, 586 F.3d at 1174 (indicating a presiding judge has authority to make percentage reductions to CJA fee awards when supported by articulated reasoning); Peguero-Moronta v. Gabriel-Santiago, No. 01-1390 (JAF), 2010 WL 1444863, at *2 (D.P.R. Apr. 8, 2010)(stating percentage reduction of fee instead of individual time entry reductions is appropriate in cases with "an evident practice of over-billing across the board"). It is clear from

1  review of the fee request applications, that Mr. Mahle has disregarded
2  "the spirit of public service involved in [a CJA] appointment . . . by
3  increasing the expenditure of hours simply to" increase the fee he
4  receives. U.S. v. Cook, 628 F. Supp. 38, 41 (1985).

5  Further, comparison of Mr. Mahle's billings with the CJA
6  vouchers of all other counsel in this case reveals Mr. Mahle billed an
7  amount "grossly out of line" with all of the other CJA counsel appointed
8  in this case. Mosley, 2011 WL 1591491, at *4, 7 (comparing attorney's
9  request for reimbursement under the CJA to other CJA requests in similar
10 criminal cases to reduce fee request).  Specifically, counsel for co-
11 defendant Damien Suarez requested compensation totaling $17,630.50;
12 counsel for Jorge Medina requested $6,215.40; counsel for Rene Rodriguez
13 requested $17,068.00; and counsel for Francis Rosa Ramirez requested
14 $17,148.70. Even the representation of co-defendant Roque Lozano, which
15 involved two CJA attorneys and therefore some duplication of efforts,
16 resulted in requests for reimbursement totaling $28,627.90 (the first
17 CJA attorney was replaced by retained counsel, who was subsequently
18 replaced by a second CJA attorney). With the exception of counsel for
19 Jorge Medina, all other CJA counsel in this case represented their
20 respective clients for an amount of time comparable to Mr. Mahle's
21 representation of his client.

22 For the stated reasons, Mr. Mahle's total compensation
23 requested is reduced by fifty percent.

24 Dated:  May 11, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

3